# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2022

Lyle W. Cayce
Clerk

No. 21-60544
Summary Calendar

Sandra Yanira Aragon-Rivera,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 640 021

_____

Before Davis, Higginson, and Costa, *Circuit Judges*.

Per Curiam:[*]

Sandra Yanira Aragon-Rivera, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from a decision of the Immigration Judge (IJ) concluding that she was ineligible for asylum, withholding of removal, and

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60544

relief under the Convention Against Torture (CAT). She challenges the BIA's conclusions that she has not shown eligibility for asylum and withholding because she failed to show past persecution or a well-founded fear of future persecution. She also challenges the BIA's conclusion that she has not shown eligibility for CAT relief. These arguments are reviewed under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

As a preliminary matter, we note that the BIA found that Aragon-Rivera had waived on appeal any challenge to the IJ's findings that her proposed particular social group (PSG) was not cognizable and that she failed to demonstrate a fear of future persecution because she could relocate within El Salvador to avoid any harm. Because she does not challenge these findings by the BIA in her petition, any such challenge is abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Thus, we lack jurisdiction to consider her unexhausted arguments that her proposed PSG was cognizable and that the Government failed to meet its burden to demonstrate that relocation was reasonable. *See* 8 U.S.C. § 1252(d)(1); *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022); *Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

Aragon-Rivera has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether she showed past persecution or a well-founded fear of future persecution. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992); *Zhang*, 432 F.3d at 344. Consequently, she has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether she showed eligibility for withholding. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 270-71 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir.

No. 21-60544

2002). Additionally, Aragon-Rivera fails to show that the record compels a conclusion contrary to the BIA's that she failed to establish that it was more likely than not that she would be tortured were she repatriated to El Salvador by or with the acquiescence of a government official. *See Zhang*, 432 F.3d at 344.

The petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.